# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

    **Plaintiff,**

    v.                                            **CIV. NO. 07-301 WJ/ACT**

**ARG ENTERPRISES, INC., d/b/a
BLACK ANGUS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Protective Order Regarding Proposed 30(b)(6) Deposition of EEOC filed July 2, 2008 [Doc. 45].  Plaintiff is seeking an order quashing Defendant's Notice to Take Rule 30(b)(6) Deposition Duces Tecum ("Notice"). Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Plaintiff's Motion is well-taken in part.

Defendant's Notice requests that Plaintiff produce for deposition the person(s) most knowledgeable about the following matters:

1.      EEOC's general investigative procedures;
2.      EEOC's conciliation procedures;
3.      EEOC's procedures and processes for maintaining the confidentiality of materials contained in its investigative files;
4.      Any agency directives, goals or quotas under which the EEOC operates in selecting charges for litigation; whether the EEOC's decision to file this action was taken, in whole or in part, because of any such directive, goal, or quota of the agency;
5.      Identification of the person(s) who made the EEOC decision to file this litigation, the

date on which such decision was made, and the reasons underlying the EEOC"s decision to file this litigation; and,

     6.    The EEOC's efforts to conciliate this case prior to bringing litigation, including (a) all communication exchanges between EEOC representatives and ARG Enterprises, Inc. representatives, including correspondence, emails and telephone calls; (b) offers of the EEOC to settle the Charge of Discrimination communicated to ARG Enterprises, Inc.; (c) information/evidence supporting the EEOC's determination of reasonable cause provided by the EEOC to ARG Enterprises, Inc.; (d) information requested from the EEOC by ARG Enterprises, Inc., and (e) any other efforts of the EEOC to conciliate this charge of discrimination, taken before this lawsuit was filed.

Defendant asserts it is entitled to the Rule 30(b)(6) deposition on the grounds that it is seeking "information relevant to its affirmative defense that the EEOC failed to comply with its statutory obligation to conciliate in good faith prior to commencing litigation."  Response at 1.

A good faith effort at conciliation is an administrative remedy that must be exhausted prior to filing suit.  *EEOC v. Prudential Federal Savings and Loan Association*, 763 F.2d 1166 (10th Cir. 1985), *cert. denied* 474 U.S. 946 (1985).  In its Answer Defendant asserts as its Fourth Affirmative Defense: "The EEOC has failed to engage in adequate or good-faith conciliation efforts prior to filing its Complaint and, therefore, this Court does not have jurisdiction of this dispute."  Answer at 3.  Clearly the information sought in categories 2 and 6 are relevant and discoverable with the exception of category 6(c).  The information sought in categories 1, 3, and 4 are not relevant to the issue of conciliation.  Defendant states in its Response that it will not seek the information identified in Category 5.

Plaintiff's objections to discovery of categories 2 and 6 with the exception of category 6(c) are without merit.  Plaintiff argues that it "has properly raised concerns about attorney-client privilege and the deliberative process privilege with respect to conciliation matters."  Reply at 4. The Tenth Circuit "has explicitly condemned...a blanket assertion" of privilege.  *In re Grand Jury Subpoena*, 697 F.2d 277, 279 n.1 (10th Cir. 1983); *United States v. Hodgson*, 492 F.2d 1175, 1177

2

(10th Cir. 1974) ("A general refusal to cooperate [in discovery] is not enough [A lawyer asserting a privilege] must normally raise the privilege as to each record sought and each questions asked so that...the court can rule with specificity.")

Plaintiff also asserts that it has provided all the non-privileged documents and the investigator for a deposition and that it has provided "sufficient discovery regarding conciliation in this case."  Reply at 1.  The Court has reviewed the portions of the deposition of the investigator, Jeffrey Stuhlmann ("Stuhlmann") attached as Exhibit B to Defendant's Response [Doc. 49]. Stuhlmann signed the "conciliation" letter sent to Defendant.  However, it is obvious that Stuhlmann was not prepared, was non-responsive and had not reviewed any documents about his conciliation efforts prior to his deposition.  Defendant is entitled to discover what the Plaintiff as an institution knows regarding the conciliation efforts in this matter.  Plaintiff may produce Stuhlmann for a supplemental deposition or designate someone else as the Rule 30(b)(6) representative.

Category 6(c) requests testimony concerning EEOC's determination of reasonable cause provided by the EEOC to ARG Enterprises, Inc.  This category requests information concerning EEOC's investigation and determination and not its conciliation efforts.  Plaintiff asserts this is irrelevant on the grounds that an employer may not litigate the adequacy of EEOC's investigation and determination citing *EEOC v. Keco Indus. Inc*., 748 F.2d 1097, 1100 (6th Cir. 1984) and *EEOC v. General Electric Co*., 532 F.2d 359, 370 n. 31 (4th Cir. 1976). The Court is not persuaded that discovery regarding EEOC's investigation and determination efforts is never permissible.  EEOC must perform an investigation prior to filing suit and there is case law in the Tenth Circuit that when a charging party fails to exhaust his administrative remedies by failing to cooperate with the EEOC investigator, the Court may dismiss the case for lack of jurisdiction.  *Shikles v. Sprint/United*

*Management Co.*, 426 F.3d 1304 (10th Cir. 2005).  However, Defendant has not specifically plead failure to investigate as an affirmative defense and did not argue a failure to investigate in its Response brief.  Thus the Court will not allow discovery as to category 6(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order Regarding Proposed 30(b)(6) Deposition of EEOC is granted in part and denied in part and that Defendant may take a Rule 30(b)6 Deposition Duces Tecum of a representative of the EEOC on the matters in categories 2, 6(a), 6(b), 6(d) and 6(e).

**IT IS FURTHER ORDERED** that the discovery deadline is extended to September 5, 2008, for the sole purpose of taking the Rule 30(b)(6) deposition and that all other case management deadlines remain in place.

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**