**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

v.                                                         No. CIV 07-301 WJ/ACT

ARG ENTERPRISES, INC., d/b/a
BLACK ANGUS,

                Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant ARG Enterprises, Inc. d/b/a Black Angus's ("Black Angus") Motion to Compel Testimony on Litigation Quotas and Guidelines, filed September 23, 2008. [Doc. 63.] The motion is fully briefed. [Doc. Nos. 71, 74, 76.] After careful consideration of the pertinent law, along with the parties' arguments and attachments, the Court concludes that Black Angus's Motion to Compel Testimony should be granted.

### Background

The Equal Employment Opportunity Commission ("EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1999, alleging that Black Angus committed unlawful employment practices on the basis of sex. The EEOC alleges that a class of males was subjected to sexual harassment by a male co-worker who subsequently became a management official of Black Angus. Black Angus denies the allegations and further denies any unlawful employment practices. [Doc. Nos. 1, 11.] In addition, one of Black Angus's affirmative

1

defenses alleges that the EEOC failed to comply with its statutory obligation to conciliate in good faith prior to commencing litigation.  [Doc. 9, Fourth Affirmative Defense.]

The EEOC filed a motion for partial summary judgment regarding Black Angus's allegation that the EEOC failed to conciliate in good faith.  [Doc. 56.]  Black Angus moved for summary judgment on the merits of the sexual harassment/hostile work environment claim and also argued that the EEOC failed to conciliate in good faith before bringing this action against Defendant.  [Doc. 58.]  These motions are being briefed or are pending before the Honorable William P. Johnson.

Earlier in this litigation, the EEOC moved for a protective order, seeking to quash Black Angus's notice to take the Rule 30(b)(6) deposition *duces tecum*.  On August 19, 2008, the Court entered a Memorandum Opinion and Order ("August 19 Order") granting in part and denying in part EEOC's motion for protective order.  [Doc. 53.]

The Court's August 19 Order is at the heart of the present discovery dispute.  Black Angus's notice of deposition *duces tecum* required EEOC to produce for deposition the person most knowledgeable about a number of matters, including the EEOC's conciliation procedures, "any agency directives, goals or quotas under which the EEOC operates in selecting charges for litigation[,] whether the EEOC's decision to file this action was taken, in whole or in part, because of any such directive goal, or quota of the agency," the identity of individuals who made the EEOC decision to file this lawsuit, etc., and efforts of the EEOC to conciliate this case prior to bringing litigation, including a number of subparts.  [*See* Doc. 53, pp. 1-2.]  Black Angus argued it was entitled to all of this information based on its affirmative defense that the EEOC failed to attempt to conciliate this matter in good faith prior to filing the lawsuit.

In the August 19 Order, the Court agreed that Black Angus was entitled to information regarding the EEOC's conciliation procedures and the EEOC's "efforts to conciliate this case prior to bringing action . . . ." [Doc. 53, p. 2.] However, the Court determined that the information sought as to "directives, goals or quotas under which the EEOC operates in selecting charges for litigation" and information as to "whether the EEOC's decision to file this action was taken . . . because of any such directive, goal, or quota" was not relevant to the issue of conciliation. [Id.]

Subsequent to the Court's August 19 Order, the EEOC designated Geraldine Herrera to provide deposition testimony on the areas covered by the Court's Order. At Ms. Herrera's deposition, defense counsel asked the following questions:

Q. Are you aware of whether any quotas or litigation goals influenced the EEOC's conciliation efforts in this case?

Counsel for EEOC: I am going to object to the form as beyond the scope of the court's order and instruct her not to answer.

Q. I am asking specifically about the conciliation process and considerations that were made by the enforcement unit during conciliation. Are you aware of any quotas or litigation goals that influenced the EEOC's position in the course of conciliation efforts.

Counsel for EEOC: I am going to object as beyond the scope of the court's order. If you can try to answer that question without revealing any attorney-client communications or attorney work product in some way, if you have the information to answer that in the conciliation context, I would allow you to do so.

A. I cannot answer that without divulging attorney-client privilege, and, therefore, I am not going to answer the question as instructed.

Q. I take your answer to mean that you could provide an answer to my question if Ms. Medina hadn't instructed you not to, is that correct?

A. No, I do not.

Counsel for EEOC: You need to make sure you understand his question. If I had instructed you it was okay to answer, do you even have the ability to answer? Do you have the information or ability to answer?

    A.       Okay.  I'm sorry.  Yes.  Yes.

    Q.       Would you have the ability to answer that question?

    A.       Yes.

Defense counsel:     I don't have any further questions.  [deposition concludes]

[Doc. 63, Ex. A, Herrera Deposition Transcript.]  The deposition was not stopped or suspended to obtain a ruling or guidance from the court regarding this question and objection.  Instead, the deposition closed after the exchange about alleged litigation quotas occurred.

Several days after the deposition, defense counsel wrote to counsel for the EEOC stating that Defendant might file a motion to compel as a result of the objection at Ms. Herrera's deposition. Defense counsel asserted that the requested information was relevant to the argument that the EEOC failed to engage in good faith conciliation efforts.  Defense counsel asked the EEOC to make a representative available for a second deposition regarding this information or to otherwise provide the information.  The EEOC did not consent to another Rule 30(b)(6) deposition regarding conciliation and referred defense counsel to the EEOC's official website.  [Doc. 63, Exhs. E, F.]

As a result of this dispute, Black Angus filed the present motion to compel testimony.

### Discussion

Federal Rule of Civil Procedure 30(c) provides in pertinent part that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).  In <u>Resolution Trust Corp. v. Dabney</u>, 73 F.3d 262, 266 (10th Cir. 1995), the Tenth Circuit Court of Appeals, in discussing a previous version of the pertinent rule, also stated that the plain language of the rule

allowed counsel to instruct a deponent not to answer "to enforce a limitation on evidence directed by the court."

Here, defense counsel asked the deponent whether she was aware of any quotas or litigation goals that influenced the EEOC's position in the course of conciliation efforts.  In its August 19. Order, the Court allowed for general questions about EEOC's conciliation procedures and for more specific questions concerning the EEOC's efforts to conciliate this case before filing a lawsuit.  However, the Court also determined in the August 19 Order that areas of inquiry concerning whether agency directives, goals or quotas impacted the EEOC's decision to file this lawsuit were not relevant to the issue of conciliation.

The Court's August 19 Order expressly imposed a limitation of evidence with respect to this line of inquiry.  However, upon reconsideration, the Court has decided to expand its August 19 Order to allow inquiry about whether the EEOC's conciliation efforts or its decision to file this action were prompted by an agency directive, goal or quota.  Ms. Herrera acknowledged that she has the ability to answer the question: "Are you aware of whether any quotas or litigation goals influenced the EEOC's conciliation efforts in this case."  [Doc. 63, Ex. A., Herrera Deposition Transcript.]  Counsel for EEOC objected to the question because it exceeded the scope of the Court's earlier order.  That objection is overruled because the Court has now expanded the scope of the August 19 Order.  Counsel for EEOC also objected on grounds that the witnesses' answers could reveal attorney-client privilege or attorney work product.  The witness then refused to answer the question because she could not do so "without divulging attorney-client privilege."

The EEOC's assertion of attorney-client privilege or attorney work product privilege is misplaced.  As noted by Black Angus in its Reply, the questions at issue did not seek attorney-client

communications or work product, but rather, a factual disclosure of whether or not there are litigation quotas or guidelines and if so, whether they were applied or utilized in this case. *See* Upjohn Co. v. United States, 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."); *see also* E.E.O.C. v. Outback Steakhouse of Fla., Inc., 251 F.R.D. 603, 610 (D. Colo. 2008) ("[N]either the work product nor the attorney-client privilege protects underlying facts contained within privileged communications or documents.").

For the foregoing reasons, the Court will allow Black Angus to take a supplemental deposition of Ms. Herrera at which she will be required to answer questions about whether or not the EEOC has litigation quotas and guidelines and if so, whether those litigation quotas or guidelines were considered in any respect in connection with the EEOC's reconciliation efforts in this case or its decision to bring this lawsuit.

IT IS THEREFORE ORDERED that Black Angus's Motion to Compel Testimony on Litigation Quotas and Guidelines [Doc. 63] is GRANTED.

IT IS HEREBY FURTHER ORDERED that the Court's Memorandum Opinion and Order of August 19, 2008 [Doc. 53] is amended to be consistent with this Order.

_____
Alan C. Torgerson
UNITED STATES MAGISTRATE JUDGE