UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

        Plaintiff,

v.                                                  Case No. CV 07-301 WJ/ACT

ARG ENTERPRISES, INC., d/b/a
BLACK ANGUS

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S EXPEDITED MOTION TO STRIKE PLAINTIFF EEOC'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendant's Expedited Motion to Strike Plaintiff EEOC's Response to Defendant's Motion for Summary Judgment (Doc. 68). Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well taken and will be granted.

BACKGROUND

On September 8, 2008, Black Angus filed its Motion a Summary Judgment (Doc. 58) and supporting Memorandum (Doc. 59). Pursuant to D.N.M.LR-Civ. 7.5 and 10.5, the response was not to exceed twenty-four double-spaced pages or to contain more than fifty pages of exhibits. See Deft. Brf. (Doc. 68) at 2. After a lengthy email exchange, see Deft. Brf. Exhbts. A-F, the parties agreed that Plaintiff would be allowed a seven-page extension of the page limit for its response brief, making the total number of allowable pages thirty-one, not including signature pages and certificate of service. Deft. Brf. at 3. This Court entered an Order to that effect (Doc.

65).[1]

Plaintiff filed a thirty-one page response on September 25, 2008. Attached to the response as an exhibit was a twelve-page document entitled "Plaintiff's Statement of Facts," complete with citations to the record supporting each fact. In its instant motion to strike, Defendant argues that, in submitting a statement of facts as an exhibit, Plaintiff has skirted page requirements in violation of local rules and this Court's order.

## DISCUSSION

D.N.M.LR-Civ. 56.1(b) requires that "[a] memorandum in opposition to [a summary judgment] motion must contain a concise statement of the material facts as to which the party contends a genuine issue does exist." Plaintiff's memorandum in opposition appears, at least facially, to comply with this requirement. The body of the memorandum includes a section entitled "Plaintiff's Statement of Disputed Facts," which makes reference to Defendant's statement of facts and explains where Plaintiff believes disputes exist. However, Plaintiff also attached to its memorandum as Exhibit 1 a much broader and more general statement of what it alleges to be the facts of the case. Plaintiff argues that D.N.M.LR-Civ. 56.1(b) should be interpreted to allow facts submitted in the form of an exhibit to be considered as part of the memorandum. However, the language of 56.1(b) is best understood to mean that a party's statement of disputed facts must be included within the body of a memorandum in opposition to a summary judgment motion. Therefore, the Court will not consider Plaintiff's Exhibit 1 as part of Plaintiff's statement of disputed facts under D.N.M.LR-Civ. 56.1(b).

Plaintiff argues that, even if Exhibit 1 cannot be considered as part of its statement of

---

[1] The parties also seem to have agreed through email correspondence that Plaintiff would be allowed ten extra pages of exhibits, although this was not reflected in the Court's order. See Deft. Brf. at 2.

disputed facts, the Court should nonetheless consider it under D.N.M.LR-Civ. 7.3(b), which states that a movant "must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact." Plaintiff suggests that Exhibit 1 fits in to the "other documents" category. However, the plain meaning of the language of D.N.M.LR-Civ. 7.3(b) indicates that it applies to evidence in support of allegations of fact, and not to allegations of fact themselves. Therefore, the Court will not consider Plaintiff's Statement of Facts, Exhibit 1 under D.N.M.LR-Civ. 7.3(b).

Finally, Plaintiff states that it "views the Statement of Facts, Exhibit 1 as a summary admissible at summary judgment for the convenience of the Court." In making this statement, Plaintiff alludes to Federal Rule of Evidence 1006, which provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Once again, the plain meaning of Fed.R.Evid. 1006 simply does not admit of the interpretation Plaintiff's wish to give it. First, it is not at all clear whether Rule 1006 applies to summary judgment motions at all, since it seems to be directed at summaries prepared for use at trial. Second, even if it does apply to summary judgment motions, Rule 1006 is clearly intended to allow parties to present unusually voluminous extrinsic evidence in summarized form, not to allow them to present a summary of their theory of the case. See, e.g., 373 F.Supp.2d 1244, 1250-51 (D.Wyo. 2005)(holding that admission of a exhibit summarizing business records was proper because of the sheer volume of the records summarized)

The Eighth Circuit addressed this issue in United States v. Grajales-Montoya, 117 F.3d 356 (8th Cir. 1997). It held that "[Fed.R.Evid. 1006] appears to contemplate . . . that a summary will be admitted instead of, not in addition to, the documents that it summarizes . . . and that it

will have been prepared by a witness available for cross-examination, not by the lawyers trying the case . . . . Fed.R.Evid. 1006 does not allow for the admission of a summary . . . that was prepared by a lawyer trying the case and that restates and distills other properly admitted exhibits." Id. at 361 (internal citations omitted). The Court went on to state that "[W]e believe that such a summary is a written argument." Id. Plaintiff's argument that this Court should allow Exhibit 1 because the Eight Circuit in Grajales-Montoya held that the error committed by the District Court in admitting the summary at issue in that case was harmless is unpersuasive.

## CONCLUSION

Plaintiff's Statement of Facts, Exhibit 1 cannot be considered as part of Plaintiff's statement of disputed facts under D.N.M.LR-Civ. 56.1(b). It also cannot be considered as a document submitted in support of allegations of fact pursuant to D.N.M.LR-Civ. 7.3(b) or as a summary under Fed.R.Evid. 1006.

Finally, the Court would encourage counsel for the EEOC to focus on the concepts of conciseness and brevity, concepts behind the adoption of the local rules in this District. This Court handles a wide variety of complex civil cases including a fair number of class action cases. Many of the cases on the Court's civil docket include cases far more extensive and complex than the instant case and counsel in those other cases have no difficulty in adhering to this District's local rules regarding page limitations.

IT IS THEREFORE ORDERED that Defendant's Expedited Motion to Strike Plaintiff EEOC's Response to Defendant's Motion for Summary Judgment (Doc. 68) is GRANTED IN PART, and that Plaintiff's Statement of Facts, Exhibit 1 to Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 66) shall be stricken.

IT IS FURTHER ORDERED that Plaintiff shall have the option of re-filing its

memorandum in opposition to Defendant's Motion for Summary Judgment in accordance with this Order, provided that said memorandum is filed by close of business on Monday, December 22, 2008. The page limits set out by this Court in its Order of September 24, 2008 (Doc. 65) shall remain in effect.

_____
UNITED STATES DISTRICT JUDGE