**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

        Plaintiff,

v.                                                  Case No. CV 07-301 WJ/ACT

ARG ENTERPRISES, INC., d/b/a
BLACK ANGUS

        Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF EEOC'S RULE 72(a) OBJECTIONS TO MAGISTRATE'S ORDER (Doc. 81)**

THIS MATTER comes before the Court on Plaintiff EEOC's Rule 72(a) Objections to Magistrate's Order (Doc. 81). Having considered Plaintiff's objections and the applicable law, the Court finds that Plaintiff's objections are not well taken and shall be overruled.

**INTRODUCTION**

EEOC brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, alleging that Defendant, ARG Enterprises, Inc. (ARG), committed unlawful employment practices. ARG plead as a defense that "the EEOC has failed to engage in adequate or good-faith conciliation efforts prior to filing its Complaint and, therefore, this Court does not have jurisdiction of this dispute." Doc. 9, Fourth Defense. The parties have been in dispute as to the scope of inquiry ARG wishes to make by a further 30(B)(6) deposition. As a result, EEOC filed a Motion for Protective Order Regarding Proposed 30(B)(6) Deposition of EEOC (Doc. 45-46).

In response to that motion, the Magistrate Judge issued an Order on August 19, 2008

(Doc. 53) that limited the lines of inquiry ARG could pursue with respect to the conciliation defense. The Magistrate Judge determined that the information ARG sought with respect to "directives, goals or quotas under which the EEOC operates in selecting charges for litigation" and with respect to "whether the EEOC's decision to file this action was taken . . . because of any such directive, goal, or quota," was not relevant to the issue of conciliation. Doc. 53 at 2. The Magistrate also relied on ARG's assertion in its response to the motion for a protective order that it would not seek information related to, among other things, "the reasons underlying the EEOC's decision to file this litigation." Doc. 53 at 2.

ARG's proposed Rule 30(b)(6) deposition of EEOC Enforcement Supervisor, Geraldine Herrera, took place on September 4, 2008. Ms. Herrera was asked whether she was "aware of any quotas or litigation goals that influenced the EEOC's position in the course of conciliation efforts." EEOC counsel objected and directed Ms. Herrera not to answer because the question was "beyond the scope of the court's order." Ms. Herrera testified, however, that she had the ability to answer the question. (See Deposition of Geraldine Herrera, at 121:19 to 123:3).

Following Ms. Herrera's deposition and counsel for EEOC's objection to the proposed question, ARG filed a Motion to Compel Testimony on Litigation Quotas and Guidelines (Doc. 63). In response to this motion, the Magistrate Judge issued an Order on October 31, 2008 (Doc. 81), in which he reconsidered his previous holding and "decided to expand the August 19 Order to allow inquiry about whether the EEOC's conciliation efforts or its decision to file this action were prompted by an agency directive, goal, or quota." Doc. 81 at 5. ARG objects to that October Order.

## DISCUSSION

This Court reviews the Magistrate Judge's Order under a clearly erroneous standard.

FED.R.CIV.PRO. 72(a)(stating that the district court "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law"). The Seventh Circuit described vividly how forgiving a clearly erroneous standard is when it stated, "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988).

Here, the Court detects nothing fishy about the Magistrate Judge's decision. In considering ARG's motion to compel testimony, the Magistrate Judge noted that Ms. Herrera indicated during her deposition that she had the ability to respond to the question in issue, and also noted that the question did not call for privileged attorney-client communications or for attorney work product.[1] Doc. 81 at 5-6. Satisfied that neither of these two potential roadblocks would hinder the proposed deposition, the Magistrate Judge reconsidered his previous decision with respect to the relevance of the information the question sought to elicit. The Tenth Circuit has stated clearly that a trial court possesses an inherent authority to reconsider its interlocutory rulings. See Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1243 (10th Cir. 2007)("Of course, a district court always has the inherent power to reconsider its interlocutory rulings, and we encourage a court to do so where error is apparent."). The Magistrate Judge's decision was not clearly erroneous, and there is no basis for disturbing it.

CONCLUSION

The Magistrate Judge's decision to expand the August 19 Order was not clearly erroneous. THEREFORE, IT IS ORDERED that Plaintiff EEOC's Rule 72(a) Objections to

---

[1] As the Magistrate Judge pointed out, the attorney-client privilege protects only *communications* between attorney and client, and not underlying facts. Upjohn Co. v. United States, 449 U.S. 383, 395 (1981).

Magistrate's Order (Doc. 81) are overruled.

_____
UNITED STATES DISTRICT JUDGE