# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

    **Plaintiff,**

    v.                                      **CIV. NO. 07-301 WJ/ACT**

**ARG ENTERPRISES, INC., d/b/a
BLACK ANGUS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Order to Show Cause[1] ("Motion") filed January 28, 2009 [Doc. 93].  Plaintiff filed a response on February 20, 2009 [Doc. 95] and Defendant filed a reply on March 9, 2009 [Doc. 96].  The Court has carefully considered the arguments made by counsel and finds that Defendant's Motion is well taken and will be granted.

Counsel for Plaintiff objected, on the basis of various privileges, to the production of documents and testimony concerning Plaintiff's "directives, goals or quotas under which the EEOC operates in selecting charges for litigation; whether the EEOC's decision to file this action was taken, in whole or in part, because of any such directive, goal, or quota of the agency...." [Doc.45.] Counsel for Plaintiff raised this objection in: a Motion for Protective Order regarding Proposed Rule 30(b)(6) Deposition of EEOC [Doc. 45]; at the September 4, 200,8 deposition of Plaintiff's Rule 30(b)(6) representative; in Plaintiff's response [Doc. 71] to Defendant's Motion to Compel Testimony on Litigation Quotas and Guidelines; and in Plaintiff's Rule 72(a) Objections to

---

[1]The Court construes the motion as a motion for sanctions.

Magistrate's Order [Doc. 82].   On December 30, 2008, counsel for Plaintiff produced a supplemental discovery response stating that it has such documents. [Doc. 93, Exh. B.] At the supplemental deposition of Plaintiff's Rule 30(b)(6) witness, Gerald Herrera, taken on January 8, 2009, she testified there are no written or unwritten quotas regarding the types of cases the EEOC will pursue to litigation. [Doc. 93, Exh. E.]  In defense of her actions, Plaintiff's counsel argues that the sanctions requested are not applicable; that she was preserving this issue for appeal; and that Defendant did not engage in any conciliation efforts and thus this affirmative defense is not made in good faith.  Counsel's arguments are without merit.

Procedural history.

On June 24, 2008, Defendant served on the Plaintiff a Notice to Take Rule 30 (b)(6) Deposition Duces Tecum ("Notice"). [Doc. 45, Exh. 1].[2] The fourth category of testimony and documents listed in the Notice requested: "Any agency directives, tools or quotas under which the EEOC operates in selecting charges for litigation; whether the EEOC's decision to file this action was taken, in whole or in part, because of any such directive, goal or quota of the agency." (Hereinafter "Topic 4.")

On July 2, 2008, Plaintiff filed a Motion for Protective Order regarding Proposed Rule 30(b)(6) Deposition of EEOC ("Motion for Protective Order"). [Doc. 45.] Plaintiff asserted that the information requested in Topic 4 was protected by "the governmental-deliberate process privilege; the attorney-client privilege; and the attorney work product doctrine;" irrelevant; and that only "the

---

[2]The Notice was hand-delivered to counsel for the Plaintiff on June 24, 2008, and the deposition was to take place on August 12, 2008.  Thus, the "reasonable time" requirement of Rule 45(c)(ii) and the thirty (30) day requirement of Rule 34 were met. [Doc. 45, Exh. 1.]   Contrary to the position taken by Plaintiff this constitutes written discovery.

EEOC attorneys prosecuting this case, the supervising attorney(s), and the Regional Attorney" could testify to the information sought.

On August 18, 2008, the Court partially granted the Motion for Protective Order. [Doc. 53] The Court ruled that the "Defendant is entitled to discover what the Plaintiff as an institution knows regarding the conciliation efforts in this matter." *Id.* The Court also ruled that Topic 4 was "not relevant to the issue of conciliation." *Id.*

On September 4, 2008, Defendant deposed Geraldine Herrera, an Enforcement Supervisor, who was designated as the Rule 30(b)(6) representative. In the deposition counsel for Plaintiff directed Herrera not to answer the following question: "Are you aware of whether any quotas or litigation goals influenced the EEOC's conciliation efforts in this case?" EEOC counsel objected on the grounds that the questions was "beyond the scope of the court's order." EEOC counsel then permitted Herrera to respond if she could do so "without revealing any attorney-client communications or attorney work product." Herrera respond she could not answer "without divulging attorney-client privilege." [Doc. 93, Exh. A.]

When counsel for Defendant attempted in good faith to resolve this issue, counsel for EEOC referred counsel to the EEOC's public website. On September 23, 2008, Defendant filed a Motion to Compel Testimony on Litigation Quotas and Guidelines ("Motion to Compel"). [Doc. 63]. In its response, the EEOC asserted that the information requested was protected by the attorney-client privilege and attorney work product doctrine. [Doc. 71 at 4-6.] On October 31, 2008, the Court granted the Motion to Compel and permitted the Defendant to take a supplemental Rule 30(b)(6) deposition to determine "whether or not the EEOC has litigation quotas and guidelines and if so, whether or not those litigation quotas or guidelines were considered in any respect in connection with the EEOC's [conciliation] efforts in this case or its decision to bring this lawsuit." [Doc. 81 at

6].   On November 14, 2008, Plaintiff filed Rule 72(a) Objections to Magistrate's Order ("objections"). [Doc. 82].   Plaintiff again asserted that the information requested was protected by the governmental deliberative process privilege, attorney-client privilege and attorney work-product doctrine.   On December 12, 2008, the presiding Judge overruled Plaintiff's objections. [Doc. 87.] On December 30, 2008, Plaintiff produced a supplemental response to Defendant's First Request for Production of Documents stating in part: "At Defendant's request, Plaintiff submits this supplemental response to further state that Plaintiff does not have any documents that fall into the categories of "litigation quotas, guidelines, checklists or targets."[3]

On January 8, 2009, Defendant took a supplemental Rule 30(b)(6) deposition of Herrera. Ms. Herrera testified as follows:

> Q.   Ms. Herrera, does the EEOC have any written or unwritten quotas regarding the types of cases that it wishes to pursue in litigation?
> A.   Absolutely not.
> Q.   What is the source of your knowledge on that question?
> A.   I have been with the commission for 15 years.  I researched in preparation for this deposition.  I didn't see anything, and I have never heard of any litigation goals or quotas.
> Q.   Did you make any inquiries to anyone at the EEOC as to whether there might be litigation quotas that you were not aware of or if they were aware of such litigation quotas?
> A.   No, sir.
> Q.   So as I understand it, you are relying on your experience and personal knowledge at the EEOC as well as the research that you describe doing in preparation for this deposition?
> A.   Yes, sir.
> Q.   Does the EEOC have any written or unwritten guidelines regarding the types of cases that it wishes to pursue in litigation?
> A.   No, sir.

---

[3]Although Plaintiff maintained in its Response that Defendant had propounded no discovery that would have required a response regarding "litigation, quotas, guidelines, checklists or targets," Plaintiff chose to supplement its response to Request No. 2 prior to the deposition stating: "....Plaintiff submits this supplemental response to further state that Plaintiff does not have any documents that fall into the categories of 'litigation, quotas, guidelines, checklists or targets.'" [Doc. 93, Exh. B.]

[Doc. 93, Exh. E. at 12, Lines 2-25.]

<u>Legal analysis.</u>

Defendant requests that sanctions be imposed pursuant to Federal Rule of Civil Procedure 26(g)(1)(B)(ii), Federal Rule of Civil Procedure 37(a)(5) and 28 U.S.C. §1927. Plaintiff argues that the federal rules and federal statute do not provide grounds for imposing sanctions.

Federal Rule of Civil Procedure 26(g)(1) sets forth an attorney's duty as it applies to responses and objections to discovery requests. It provides in part:

> Every discovery....objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated....The signature of the attorney....constitutes a certification that to the best of the signers knowledge, information, and belief, formed after a reasonable inquiry, the....objection is:
>
> > (I) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; [and]
> > (ii) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increased in the cost of litigation [.]

Fed.R.Civ.P. 26(g)(1).

Rule 26(g)(3) provides that the court, on motion or upon its own initiative, "must" impose an "appropriate sanction" where the Rule 26(g)(1) certification requirement is violated without substantial justification.

Plaintiff asserts that Rule 26(g) does not apply in this matter because it did not interpose an improper objection to any specific discovery request. The Court finds that Defendant's Notice to Take Deposition Duces Tecum is a form of discovery to which Plaintiff responded by filing a Motion for Protective Order. The Court also finds that Rule 26(g) does apply as demonstrated by the 1993 Amendments to Rules 11 and 26. The 1993 Amendment to Rule 11 specifically states that

Rule 11 does not apply to disclosure and discovery issues.  The 1993 Amendment added section (d) which states:

> **"Inapplicability to Discovery**.  This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rule 26 through 37."

The Advisory Committee Notes of 1993 to Rule 26 state:

> "The provisions of paragraph (3) has been modified to be consistent with Rules 37(a)(4) and 37(c)(1); in combination, these rules establish sanctions for violation of the rules regarding disclosures and discovery matters.  Amended Rule 11 no longer applies to such violations."

Counsel for Plaintiff first asserted a privilege objection in a Rule 26 motion for protective order. In the Advisory Committee Notes of 1993 to Rule 26, it states that with the 1993 amendments, Rule 26 establishes sanctions for violation of the rules regarding "discovery matters."  The matter before the Court is a discovery matter.  Thus, the Court finds that Rule 26(g) is applicable in this matter.[4] *Cache La Poudre Feeds, LLC* v. *Land O'Lakes, Inc*. 244 F.R.D. 614 (D. Colo. 2007) ("Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirt and purposes of Rules 26 through 37."  *See* Advisory Committee Notes to the 1993 Amendments to Fed.R.Civ.P. 26(g).)

Though not required, the Court also finds that counsel for Plaintiff's conduct is sanctionable under Fed.R.Civ.P. 37(a)(5), 28 U.S.C. §1927 and the Court's inherent power to levy sanctions. Federal Rule of Civil Procedure 37(a)(5) governs sanctions when a motion is granted.  The Court ultimately granted Defendant's motion to compel discovery concerning Topic 4.  Rule 37(a)(5)

---

[4]Plaintiff's argument that Rule 26(g) does not apply because the Court granted the Motion for Protective Order is without merit.  The Court granted the Motion for Protective Order based on the representations of Plaintiff's counsel.  The Court now knows that counsel for Plaintiff objected to the production of documents and testimony concerning Topic No. 4 when no such documents existed.  Thus, counsel for Plaintiff signed a pleading which stated an objection that had no basis in law or fact.

allows reasonable expenses incurred including attorney's fees to the party filing the motion unless, *inter alia*, the opposing party's objection was "substantially justified."

28 U.S.C. §1927 permits, but does not require, the district court to impose sanctions in the form of excess costs, expenses, and attorney's fees on "[a]ny attorney ... who ... multiplies the proceedings in any case unreasonably and vexatiously." This Court has held that sanctions are appropriate under § 1927 when the attorney's conduct manifests an intentional or reckless disregard for his or her duties to the court. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir.1998). The standard to be applied is one of objective bad faith. Under this standard, sanctions are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation. *Id.*

Finally, the Court notes that even if sanctionable conduct falls outside of the express terms of the rules or statute such conduct "can be remedied by the exercise of the Court's inherent powers, including the power to "levy sanctions in response to abusive litigation practices." *Lewis v. Wal-Mart Stores, Inc*., 2006 WL 1892583 (N.D. Okla. 2006) *citing Roadway Express, Inc. V. Piper*, 447 U.S. 752; *Jones v. Thompson* 996 F.2d 261, 264 (10th Cir. 1993).

Discussion.

As previously stated, counsel for Plaintiff signed pleadings raising privilege objections in Plaintiff's Motion for Protective Order [Doc.45], in response to Defendant's Motion to Compel [Doc. 71], at the September 4, 2008, deposition of Plaintiff's Rule 30(b)(6) representative and in Plaintiff's Objections [Doc. 82].  In doing so, counsel for Plaintiff has violated the Rule 26(g)(1) certification requirement.  The objection cannot be based on law or fact because the documents and

testimony at issue did not exist.  Though it is not clear from the record as to counsel's improper purpose, when an objection is not based on law or fact, it is assumed it is interposed for an improper purpose.[5]

Counsel for Plaintiff's arguments do not demonstrate that her conduct was "substantially justified."  The Court finds that it is beyond peradventure that interposing an objection to producing documents or responding to deposition questions about documents that do not exist is not an objection that is "substantially justified."

Counsel asserts that Rule 26(g) sanctions cannot apply to the Motion for Protective Order filed by the Plaintiff because the Court granted the motion with respect to Topic 4.  Response at 6, ftnt. 2.  Plaintiff almost makes this same argument as to the Motion to Compel.  Response at 6. What Plaintiff is arguing is that when an objection is sustained, sanctions cannot be imposed even if the objection has no basis in law or fact.  Plaintiff is also arguing that it is proper to ask the court to rule on an objection to production of documents even if the documents do not exist.  Plaintiff's argument is at best disingenuous.  This argument only further demonstrates that Plaintiff does not acknowledge or understand its duty to not interpose frivolous objections or file frivolous motions.

In addition, Plaintiff asserts that because Defendant's position on conciliation demonstrates that Defendant acted in bad faith in pursing the conciliation defense,  sanctions are not appropriate. Plaintiff's counsel in deposition and in numerous pleadings interposed objections to documents and information that do not exist.  Defendant's position on the issue of conciliation does not change this fact.  In addition, the Court, not the Plaintiff, will decide if Defendant's defense is well founded or

---

[5]Counsel for Plaintiff did not argue that she made a "reasonable inquiry" as required by Rule 26 before stating this objection. Likewise it is clear from Plaintiff's Response and the Affidavit of counsel for Plaintiff's supervisor that Plaintiff "routinely will object to a blanket 30(b)(6) deposition in litigation such as this...." [Doc. 95, Declaration of Sally Shanley.] The filing of such "routine" objections will not be condoned.

made in bad faith.  Counsel for Plaintiff's also asserts that she made the objection to preserve her right of appeal.   As there were no documents or testimony to object to, there is nothing to appeal.

The Court will award as sanctions against counsel for Plaintiff reasonable expenses, including attorneys' fees, caused by the violation of the certification required in Fed.R.Civ.P. 26(g).

**IT IS THEREFORE ORDERED** that:

(1)     Defendant's Motion for Order to Show Cause is granted;

(2)     Sanctions will be imposed against counsel for Plaintiff for the reasonable expenses incurred by the Defendant for violating Rule 26(g) as to Topic 4;

(3)     Defendant will submit an affidavit outlining reasonable expenses incurred by the Defendant as a result of counsel for Plaintiff violating Rule 26(g) as to Topic 4 which may include attorneys' fees for responding to the Motion for Protective Order, the taking of the supplement deposition of Ms. Herrera and the bringing of this Motion, within fifteen (15) days of entry of this Order; and

(4)     Counsel for Plaintiff may respond within ten (10) days of service of Defendant's affidavit.


**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**